1  Michael A. Swinton

2  PO Box 20183

3  Sun Valley, NV 89433-0183

4  Email: mswinton1988@gmail.com

5

FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

Copy Returned
FEB 2 4 2017

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

6              IN THE UNITED STATES DISTRICT COURT

7                  FOR THE DISTRICT OF NEVADA

8

9  MICHAEL A. SWINTON,                    3:17-cv-00123

10              Plaintiff,

11        Vs.

12                                        CIVIL COMPLAINT

13  GOODWILL INDUSTRIES INC., et el.

14              Defendants.

15

16

17

18                      **Jurisdiction**

19

20      The United States District court for the district of Nevada

21  invokes jurisdiction pursuant to claims brought under 42 U.S.C.

22  § 1981.

23

24                        **Parties**

25      This complaint alleges that the civil rights of Plaintiff,

26  Michael A. Swinton who presently resides at PO Box 20183, Sun

27  Valley, NV 89433, were violated by Goodwill industries Inc.

28  against the Plaintiff at 2424 Oddie blvd, Reno, NV 89512.

1  Goodwill Industries Inc. is a non-profit organization doing
2  business in a district where the events occurred.

3

4  **Statement of facts**

5

6      This civil complaint arises from the many injustices that
7  were endured by the plaintiff during his employment at Goodwill.
8  Defendants illegally participated in unlawful discrimination and
9  retaliation against the plaintiff in violation of plaintiffs
10 civil rights under Title VII's civil rights act of 1964, and the
11 Americans with disability act of 1990.  Plaintiff is suing the
12 defendants for illegally participating in unlawful
13 discrimination in violation of the plaintiffs' civil rights
14 under Title VII law based on race, retaliation and disability.

15

16     Plaintiff was hired by goodwill on June 1, 2014 as a clerk
17 processer.  After approximately 5 months on the job, plaintiff
18 routinely began getting called into the office.   Once there, he
19 would be questioned about what he was doing.  Management often
20 asked if he was carrying any goodwill items on him. He would
21 then be asked to empty his pockets. On one occasion, the
22 plaintiff was found with rubber bands in his pockets and
23 management accused him of stealing them. Plaintiff explained
24 that he kept rubber bands in his pockets as a convenience when
25 he was in the warehouse bundling goods.

26

27     On another occasion plaintiff was called back to the office
28 and questioned by management about an electronic wire he was
   seen carrying around in the warehouse.  Management accused

plaintiff of trying to steal the item.  Plaintiff explained that
it was a device he carried on him when he was testing electronic
items and appliances to make sure they were in working condition
before the item could be sold.  Plaintiff explained that he was
not trying to "steal" the device as it was his. Goodwill asked
him to label it with his name on it. They stated that it looked
like a goodwill item but clearly saw that it was his. Plaintiff
observed again that other similarly situated workers were never
treated in this manner or questioned about items they were using
on the job.

plaintiff was again pulled aside while working in the
warehouse and asked if the phone and headset he was carrying
around was his, strongly suggesting he stole these item, after
they inspected it, they informed him to put them in his locker
stating they were not allowed on the floor.  Although he abided
by the rule, he noticed other workers never had to keep their
cell phones or earphones in their lockers. Again he was given a
different set of rules to follow as it was assumed amongst
management that any item the plaintiff was carrying needed to be
inspected because he may be trying to steal.

During a routine locker inspection for all of employees,
plaintiff was once again accused of stealing rubber bands that
management found in his backpack along with goggles and gloves.
Plaintiff stated that he kept them in his locker when he was not
using them as he had been told to do.  Plaintiff explained again
that he kept these items either in his pocket or in his locker
when not in use like everyone else did. Management said "don't

bring your backpack to work anymore because you will continue to be accused of stealing." During this inspection, plaintiff noticed that other workers had backpacks in their lockers that were not inspected, and that they did not get questioned about having the very similar working attire in their lockers such as goggles and gloves.

Plaintiff felt he had the right to bring his backpack to work like everyone else. Shortly after the locker inspection incident, Plaintiff was stopped at the door when he was entering the building for the day and told they were doing inspections before employees could take their personal items to their lockers. When he asked why, He was told that "someone was stealing in the warehouse." Plaintiff noticed that he was pulled aside longer and searched much more extensively that others. Plaintiff also noticed that while others had stopped being checked after a few day of inspections, he continued to be checked for approximately one more week without reason.

An important note here is that after the daily backpack checks, management became aware of what the plaintiff carried with him such as a tablet and cell phones along with other electronics that he owned. Plaintiff was hoping that management would stop interrogating him after the intensive inspections of his backpack before entering the building.

Bathroom breaks were also interrupted. On at least 3 separate occasions, management knocked on the door shouting to the plaintiff to go to the office when he was done using the facilities. These inquisitions were often to ask what the

plaintiff was doing or why he was taking so long in the bathroom. There were many other times when management would pound on the bathroom door even though the plaintiff was on break and shout "your needed in the warehouse when you are done."

A manager once came into the bathroom while plaintiff was splashing water on his face and asked him to report to the office. Once there, plaintiff was told that it had been reported that he was "stinky". Plaintiff was then asked if he was cleaning up in the bathroom or was homeless. Plaintiff explained that ventilation was poor in the warehouse which caused him to sweat but that he was not homeless. Plaintiff often became nauseated in the warehouse due to the lack of proper ventilation. Plaintiff was unaware of his right to complain to management about the conditions in the warehouse or that it was a possible OSHA violation. He instead tried to cool off in the bathroom when he could. On yet 2 other occasions The same manager walked in on the plaintiff to inform the plaintiff that he wanted to double check some work they had him doing outside. This manager was again not using the facilities and specifically came into the bathroom to interrupt the plaintiff each time.

On at least 2 separate occasions the plaintiff was called back in the office by management and threatened that he would need to perform faster or they would cut back his hours. They had the plaintiff doing other tasks that were not "essential job duties" he had hired out for although the plaintiff did them. Management eventually followed through with this threat reducing

1   his hours from 42 to approximately 30 hours per pay period.
2   Some pay periods were even reduced further than this.  Note,
3   during this same time management also began altering plaintiffs
4   schedule without notice causing him to either miss work or show
5   up when he was not scheduled. This caused added grief as the
6   plaintiff had to call the human resource office on a daily basis
7   to see if he was still on the schedule for that day before
8   showing up since he was taking the bus to work.
9

10      On July 23rd, 2015, Goodwill management accused plaintiff
11   of stealing "goodwill property" and confiscated his personal
12   items from his backpack.  Plaintiff was taken back to a room and
13   interrogated by 3 goodwill managers.  He was required to recite
14   his name and date of birth.  Management emptied all items from
15   his backpack onto the floor looking for items with goodwill
16   stickers on items.  Management then threw some of his items and
17   began cussing at him demanding he admit to stealing or he would
18   be suspended for lying.  Management then began intimidated
19   plaintiff with statements such as "we know your lying," "tell us
20   the truth" and "we have cameras everywhere."  Plaintiff denied
21   these accusations informing management that the items in his
22   backpack were his.  Plaintiff asked management to turn on one of
23   the phones to show his personal information.  Management refused
24   stating that the phones would not turn on.
25

26      After managements' failed attempts to try and get a false
27   statement out of the plaintiff, they offered him an ultimatum to
28   either quit or be suspended for lying. Plaintiff began crying
    and stated that he didn't want to work here anymore. Management

1  then gave him a paper to sign.  Plaintiff asked for his items
2  back and management refused stating they were Goodwill items.
3  Plaintiff then stated he was going to call the police and he
4  left.

5      Plaintiff contacted the police after leaving the building
6  and also made a call to a coworker to help identify his personal
7  belongings.  When the police arrived they mentioned to the
8  plaintiff that after they received his call, they received a
9  call from Goodwill stating a disturbance in the parking lot.
10  After they acknowledged that there was no disturbance in the lot
11  and that plaintiff was not yelling as management reported, they
12  asked the plaintiff details of what happened.  Plaintiff
13  informed the police goodwill management searched his backpack
14  and illegally confiscated all his personal property, stating
15  that it was "goodwill property" accusing him of theft, then
16  verbally suspended him stating that he was lying to them.
17  Plaintiff further informed police that management refused to
18  turn his phones on to prove they were his. He informed the
19  police that management had been abusive to him on several
20  occasions falsely accusing him of theft, but this time they took
21  all his property.

22

23      Police went in to talk to management and after assessing
24  the situation, they requested that the plaintiffs' items be
25  returned.  Management was uncooperative with the police stating
26  "the items in Mr. Swinton's backpack were Goodwill items and we
27  were just taking these items back", then stating "Mr. Swinton
28  will need to return with receipts proving the items are his."
   Police argued this to be contradictory, and later stated to the

plaintiff that something was not adding up with goodwill management.  Police advised him to return with any proof of ownership and follow up with them if necessary.  Plaintiffs coworker showed up later that day to help identify his items, however, management refused them both stating that management had gone home for the day. An initial incident report was taken by the police.

On July 24th, 2015, plaintiff returned with a neighbor presenting proof of ownership including phone bills statements. He was given back some of his item he had receipts for but was refused his phones and other electronic devices. For the phones that were taken, management stated that the "phone bills are not receipts" even though the IMEI numbers matched both the phone, the box, and the provided billing statements under Mr. Swinton's name.   Plaintiff then stated he would be contacting legal authorities again and that he would see them in court for their illegal actions against him.  Goodwill management was angry that he called the police on them the day before and stated "why do you have to do all this to us," and then issued the plaintiff a banning letter stating he was officially banned from the premises.  The plaintiff was not threatening or violent and there was no security involved.  Goodwill illegally retaliated against the plaintiff with a banning letter for threatening to contacting the authorities again, violating plaintiffs' protected rights.

On Aug 16th, 2015, plaintiff filed an incident report against management on petit larceny charges for illegally

confiscating plaintiff's property and improperly dismissing him on false accusations of theft.

On Aug 25th, 2015, Plaintiff filed a complaint with the EEOC based on race, disability and retaliation and received a notice of suit rights letter on Dec 23, 2016.  The EEOC charge is included with this complaint charge 846-2015-36470.

***Supporting facts****: Goodwill states in a response letter to the EEOC that the referenced banning letter was not attached to the EEOC charges. This is untrue as it was included with the intake papers in a 10-page fax sent to the EEOC on Aug 25th, 2015. Plaintiff has included dated materials showing the intake papers were faxed to the EEOC by fedex included the banning letter.*

***Supporting facts****: Goodwill states in a response letter to the EEOC that the incident report from the Reno Police department was not included with the charge notice.  This is untrue as it was mailed back with the EEOC charge form plaintiff signed and dated on Sept, 19, 2015. EEOC returned a stamped copy of the Charge Notice Showing received by EEOC Sept 28, 2015, however, EEOC did not return a stamped copy of the incident report showing it had been received.*
*Plaintiff has included this incident report from the Reno police department as an exhibit.*

## Count 1

1           **The following rights have been violated:**

2   **Discrimination, harassment and false accusations of theft**

3

4      Defendants unlawfully discriminated, harassed and accused

5 the plaintiff on false allegations of theft.

6

7      Managements finger pointing and faulty interviewing

8 techniques were baseless as there were no grounds of misconduct

9 on the plaintiffs' behalf. The items found in the plaintiffs'

10 locker or in his pockets were confirmed as working attire such

11 as rubber bands, goggles and testing equipment.  These were

12 items that were used by the plaintiff on a regular basis and

13 stored in his locker while not in use.  Other similarly situated

14 workers carried these items around with them or kept in their

15 lockers as well without repercussion as plaintiff always

16 witnessed.  Managements over investigation of the plaintiff

17 became unreasonable, creating a hostile work environment for

18 him.

19

20      Managements abusive and malicious act of pulling the

21 plaintiff aside during various interrogations was illegal done

22 and clearly presented a situation where the rules for the

23 plaintiff were different from that of similarly situated

24 coworkers.  Other coworkers were never pulled aside or

25 questioned about items they carried around with them or in their

26 pockets.

27

28      Managements suggestive questioning such as "why were you

in the bathroom so long," or "do you have any goodwill items on

you" was using an extreme interrogation approach and was inherently destructive.  The over investigation of the plaintiff became unreasonable, causing damage to plaintiffs' reputation and demeanor.

These proximal series of events lead to management illegals confiscation of plaintiffs' personal property.  It was done maliciously, illegally and with intent to harm the plaintiff. One of the plaintiff cell phones that was confiscated by management is currently being illegally used. The IMEI number reflects this and it was confirmed by the phone company. Plaintiff is looking into it.  The incident report reflects that it was part of the property that the plaintiff never got back from goodwill management.

The EEOC notice of charge letter dated Oct 1, 2015 sent Goodwill scrambling for a response back in their attempt to try and find any evidence against the plaintiff, which they could never do to begin with, and this is what they offered to the EEOC in their defense;

During one of his last days on the job, a video was taken showing the plaintiff carrying around a white pair of headphones. (which were his by the way).  Management stated that he was "staging" them as he moved around working. Unfortunately, this was a learned behavior that was installed into the plaintiff as a result of being victimized by goodwill management so much so, that he was afraid to put personal property in his pocket.  Even though the white headsets were his, (that went with the white IPhone management took from him).  he knew at

1  this point that he was being watched, and that even reaching in
2  his pockets may cause him to be interrogated. He instead kept
3  his headphones beside him trying to appease management as a way
4  to let them know he was not stealing them or putting anything
5  into his pockets.  This was not staging, it was a result of
6  being abused by management for months.

7

8  Goodwill continues to discredit the plaintiff here without
9  probable cause in an attempt to protect their illegal actions
10 against him.

11

12 Goodwill's gross misconduct of the plaintiff was done so
13 with malicious intent and in a vindictive manner where they did
14 not have probable cause to allege that the plaintiff did such an
15 act as steal property.  ON the contrary, they stole from him as
16 shown in the incident report.

17

18 Additionally, the plaintiff has suffered great mental
19 distress as a result of the false actions and continues to have
20 a hard time with his daily activities.  He has had to have
21 mentoring again to help him with work and daily duties. He has
22 been badly damaged.  Goodwill should be ashamed of their
23 misconduct of this continued victimization in order to protect
24 bad management at all costs including the plaintiffs' mental
25 health.

26

27 Defendants willfully, maliciously and relentlessly
28 discriminated, harassed, and retaliated against the plaintiff in
   an attempt to try and force him into a false allegation of

theft.   Plaintiff civil rights were violated and he is entitled
to compensatory damages including relief under Title VII civil
rights act of 1964 and the Americans with disability act of
1990. The plaintiff is entitled to relief under this claim.


## Count 2
### The following rights have been violated:
### Disability Discrimination


Defendants unlawfully discriminated against the plaintiff
by threatening to reduce his hours due to a learning disability.
 On at least 2 separate occasions the plaintiff was called back
in the office by management and threatened that he would need to
perform faster or they would cut back his hours.  Management
followed through with this threat approximately 3 months before
the plaintiff was dismissed, reducing his hours from 42 to
approximately 30 hours per pay period.  Some pay periods were
even reduced further than this

During this time, management also altered plaintiffs
schedule without notice causing him to either miss work or show
up when he was not scheduled. this caused added grief as the
plaintiff had to call the office on a regular basis to see if he
was still on the schedule for the day.

The plaintiff was able to perform his duties that he hired
out on as a "qualified individual" who was able to complete the
tasks regarding the "essential functions" of the job without

accommodation. ADA defines "essential functions" as the fundamental job duties of the employment position the individual with the disability holds.  However, this does not include "marginal duties" which are tasks that are not "essential" duties of the job and might include "other duties" as assigned.

Management had been assigning the plaintiff with "other duties" or "Marginal duties" and because of this, the plaintiff was not performing as quickly as he was with his essential duties.  Management then twice threatened to reduce the plaintiff hours and followed through with threat without taking into consideration the plaintiff was assigned to "other duties" that were not essential job functions under his job title therefore violating plaintiffs' rights under Title 1 of the ADA.

Under ADA law, Employers may not deny you a job or compensations thereof, including reducing your hours as long as you are qualified simply because you cannot do marginal job functions if the inability to perform is because of your disability.

Defendants willingly and intentionally reduced plaintiffs' hours because he suffers from a learning disability violating the Civil Rights Act and Americans with Disabilities act of 1990. The plaintiff entitled to relief under this claim.

### Count 3
**The following civil rights have been violated:**

**Discrimination, harassment and retaliation by improper dismissal**

Goodwill management falsely accused plaintiff of theft and then confiscated his personal belongings from his back pack claiming it was "goodwill property." Management deliberately staged this event in order to dismiss the plaintiff.

The petit larceny charges against the defendants confirms their improper motive behind the initial allegations against the plaintiff. The incident report is proof that management acted deliberately with intent to harm the plaintiff under false allegations of theft including their attempt to terminate him.

Management was hoping to get a false admission of guilt out of the plaintiff by abusively interrogating him for a long period of time. Management, however, was not expecting the plaintiff to call the police after this incident as they were unprepared to defend their actions appropriately.

Management knowingly made false statement to the police such as "the items in Mr. Swinton's backpack were goodwill items" and "we were just taking these items back." including "he will need to provide receipts showing the items are his." Police argued this to be contradictory. Management then became more uncooperative and would not turn the phones on stating the battery was dead even though the chargers were with the phones and tablet. This was another indication that management was not being honest to the police.

1   When the district management became aware of this, they
2   quickly sent a letter out to the plaintiff to "memorialize" his
3   dismissal as if it was justification as of what happened to him,
4   when in fact they had banned him from the premises for getting
5   the police involved.  the plaintiff didn't want to quit but
6   wanted to transfer away from the abusive behavior.

7

8       Management had brought the plaintiff to tears after over
9   an hour of interrogations and finally forced him into saying "I
10  don't want to work at this goodwill location anymore." They then
11  quickly shoved a voluntary dismissal paper at him making him
12  sign and date it stating he was resigning due to relocation.

13

14      Defendants deliberately and willfully, maliciously and
15  relentlessly discriminated, harassed, and illegally retaliated
16  against the plaintiff in an attempt to try and force him into a
17  false allegation of theft.   Plaintiff civil rights were
18  violated and he is entitled to compensatory damages including
19  relief under Title VII civil rights act of 1964 and the
20  Americans with disability act of 1990. The plaintiff is entitled
21  to relief under this claim.

22

23                           **Count 4**
24          **The following rights have been violated:**
25      **Retaliation, illegal banning from Goodwill property**

26

27       Plaintiff was illegally banned from the premises when
28  he returned with a neighbor the following day to retrieve his
    property. The majority of his items were returned, however,

management argued, phone bills as not being receipts and refused to return them.

Plaintiff responded by stating that he would be seeking legal authorities against the defendants and would see them in court. Management then became upset with the plaintiff and presented him with a banning letter. He was banned from all Goodwill industries of the Sacramento Valley and Northern Nevada areas dated July 24,2015.

This action taken against the plaintiff was illegal. Plaintiff was not disorderly, nor did he require a security escort as he posed no threat to management or its help. Defendants are now claiming the referenced banning letter was not attached to the EEOC charge notice and they have stated they were unable to locate the banning letter.

Defendants deliberately, acted with malice against the plaintiff banning him from the premises as a retaliatory act violating his protected right. Under Title VII of the Civil Rights Act of 1964, "it shall be an unlawful practice for an employer to discriminate against any of his employees because he has opposed any practice. The plaintiff is entitled to relief under this claim.

**Previous lawsuits and Administrative Relief**

The plaintiff in this action has never filed an action in state or federal court involving the same or similar facts.

**Demand for Judgment for Relief**

The pleader has collectively suffered an extended period of mental injuries; with respect to future employment; plaintiff has been harmed with respect to confidence in corporate and/or authoritative declarations of integrity that have been found to be corporate implementations of defense to protect violations of law by the management. To undermine EEOC laws and encourage continued abuse of the system in ways that favor corporate amongst insiders.

Plaintiffs demand for relief considers that the problems have NOT been addressed with sufficient penalties to discourage such malicious activities that abuse a worker in ways that effect their income and livelihood in order to support bloated corporate salaries. Plaintiffs demand for relief does not include the obvious problem that corporate entities are used to routinely breaking laws with impunity and reward those who do so on behalf of stockholders and themselves although plaintiff demands relief for this as well.

The dismay of knowing that a non-profit organization such as Goodwill Industries Inc., requires and implements honesty, truthfulness, not stealing, and not injuring, yet operates with

deception that is inconsistent with that. Their actual
implementation of corporate optimizes economic benefits for
themselves, siphoning economic benefits from its stockholders
and disadvantaged employees in order to suffice the fringe
benefits of management.


    The relief plaintiff seeks is not only for himself, but for
others who have been harmed in the manner.  Goodwill industries
takes gross advantage of its non-profit organizations charitable
status by engaging in unfair employment practices.


    Lost wages
    $ 0,005,000.00
    Emotional and psychological damage to plaintiff
    $1,000,000.00
    Punitive damages
    $1,000,000.00


    Plaintiff understands that ta false statement or answer to
any question in this complaint will subject plaintiff to
penalties of perjury.  **PLAINTIFF DECLARE UNDER PENALTY OF
PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE
FOREGOING IS TRUE AND CORRECT.**   SEE  28 §1746 and 18 U.S.C. §
1621


DATED THIS 23ND day of February 2017

                                 Michael Swinton
                                 _____
                                 MICHAEL A. SWINTON
                                 PRO SE PLANTIFF



## RENO POLICE DEPARTMENT SUMMARY INCIDENT REPORT

## REPORT NUMBER: 150105849

### INCIDENT INFORMATION

| INCIDENT CODE | INCIDENT TYPE | | INITIAL | X | DATE/TIME STARTED | DATE/TIME ENDED | DATE/TIME REPORTED |
|---|---|---|---|---|---|---|---|
| PETIT LARC | Petit Larceny | | SUPP | | 07/23/2015 02:10 PM | 07/24/2015 02:10 PM | 08/13/2015 02:21 PM |
| REPORT FILED FROM | TRACKING NUMBER | | LOCATION OF OCCURRENCE | | | | APPROVED BY: |
| *** | T15006917 | | 2434 Oddie Boulevard, Reno, NV | | | | R5199/Luana Johnson |
| LOCATION TYPE | THEFT TYPE | | METHOD OF ENTRY | METHOD OF EXIT | PT OF ENTRY | PT OF EXIT | ENTRY LOC |
| Retail Store | From Building | | | | | | |

### PERSON LISTINGS

| | TYPE | LAST NAME | FIRST NAME | MIDDLE NAME | DOB | RACE | | SEX | DRIVER LIC NO | | LIC ST |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | VIC | Swinton | Michael | | *** | *** | | *** | *** | | |
| | SSN | ETHNICITY | RESIDENT | EYE COLOR | HAIR COLOR | AGE | HEIGHT | WEIGHT | CELL PHONE | | |
| | *** | *** | | | | | | | | | |
| | EMAIL | | | RESIDENCE ADDRESS | | | | | HOME PHONE | | |
| | mswinton1988@gmail.com | | | *** | | | | | *** | | |
| | EMPLOYER NAME | | | BUSINESS ADDRESS | | | | | WORK PHONE | | |
| | | | | *** | | | | | *** | | |

### PROPERTY LISTINGS

| | INVL | ITEM | | | QUANTITY | BRAND | | MODEL | |
|---|---|---|---|---|---|---|---|---|---|
| 1 | STN | Miscellaneous | | | 10 | | | | |
| | SERIAL NO | | | OWNER APPLIED NO | | COLOR | | MKT VALUE | DMG VALUE |
| | | | | | | | | $ 300.00 | $ |
| | DESCRIPTION | | | | | | | | |
| | Miscellaneous electronics, including cords/Phones | | | | | | | | |

### NARRATIVE

Michael Swinton

July 23rd, 2015

Accusation of theft - During my lunch hour I was called back to the office and interrogated by two managers who accused me of stealing in a manner similar to a police interrogation. I was pressed by one manager who stated "you know you are stealing, admit it". I vehemently denied these false accusations as they were untrue. After sometime, I began to cry as they continued to tell me I would be suspended. They then took me to my locker and searched my backpack finding only my personal property including my cell phones, chargers and other personal property which they illegally confiscated. They then started throwing some of my property and began cussing at me telling me I would be suspended or that I could quit if I did not admit that I was stealing. I became very distraught and stated that I didn't want to work at this location anymore requesting that my transfer to go through that I had put in for earlier this year. I was coerced into signing a paper that I was not given a copy of but was told I had been suspended.

I later returned with a coworker trying to get my possessions back but was again denied as I was told I would need to produce receipts showing the phones were mine. During this visit, I called the Reno police department informing them that my managers at Goodwill, illegally searched my locker and confiscated personal property

*POLICE INCIDENT REPORT EXHIBIT*

they would not return. When the police arrived, management admitted to the Reno police officers that they had my possessions and would not return my property in particular, my cell phones stating that I would need a receipt. The officers agreed that management was being "difficult" but advised me to either find a a phone bill or other means of proof that the phones were in my name. Management stated they were unable to charge the phones to see the name on it.

July 24th, 2015

I returned with a neighbor who helped me produce printed receipts showing the phones were in fact mine. At this time they released some of my property but still have my two cell phones along with other property which they will not return. I then asked for a copy of the paper I had signed showing I had been suspended. The paper they produced was in fact not showing that I had been suspended but rather that I was voluntarily resigning my position with the checkbox that I was relocating. After I was given this paper, I informed them that I wanted all my possession back before I left. They again denied me this. I then informed them that I would be seeking a lawyer if my possessions were not given to me. At that point, they produced a letter of notification that I was banned from the Goodwill premises including the Sacramento Valley and Northern Nevada Inc. locations. See attached letter.

I had earlier put in a request for a transfer since I was being harassed by management with incidents such as routinely getting called into the office and having my pockets searched, interrupting my breaks including interrupting my bathroom breaks by knocking on the door shouting to me that I needed to go to the office after I get out of the bathroom. These meetings were often to search my pockets by management. They often called me into the office over the PA system. At one point management accused me of stealing rubber bands that they found in my pockets which were used on the job for bundling goods for packaging. I explained that I kept them in my pocket just like everyone else did for easy access while working. I was also falsely accused of having working gloves in my pockets and safety goggles which were all part of goodwill working attire and employees often carried them around in their pockets for ease of use, yet I was singled out for doing the same thing.

POliCE INCIDENT REPORT
EXHIBIT

ISMISSION VERIFICATION REPORT

```
TIME  : 08/25/2015 11:38
NAME  : FEDEX
FAX   : 1754
TEL   : 7753542573
SER.# : U63314F4J711765
```

| DATE,TIME | 08/25  11:34 |
|-----------|--------------|
| FAX NO./NAME | 14155223415 |
| DURATION | 00:03:41 |
| PAGE(S) | 10 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |



# Fax Cover Sheet

Date __8/25/2015__

Number of pages __10__ (including cover page)

**To:**

Name __EEOC__

Company _____

Telephone __1800-669-4000__

Fax __1-415-522-3415__

**From:**

Name __MICHAEL SWINTON__

Company _____

Telephone __775-379-2572__

Comments __INTAKE QUESTIONNAIRE FROM__
__MICHAEL Anthony Swinton__

```
7  90363 00711  1        7  90363 00714  2        7  90363 00720  3
Fax - Local Send          Fax - Domestic Send      Fax - International Send
```

fedex.com 1.800.GoFedEx 1.800.463.3339

® 2010 FedEx. All rights reserved. Products, services and hours vary by location. 615.0P80.002

0177IBPM

*1*

*EEOC INTAKE*
*EXHIBIT*

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## INTAKE QUESTIONNAIRE

Please immediately complete this entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). **REMEMBER**, a charge of employment discrimination must be filed within the time limits imposed by law, within 180 days or in some places within 300 days of the alleged discrimination. When we receive this form, we will review it to determine EEOC coverage. Answer all questions completely, and attach additional pages if needed to complete your responses. If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "N/A." (PLEASE PRINT)

**1. Personal Information**

Last Name: _Swinton_   First Name: _Michael_   MI: _Anthony_

Street or Mailing Address: _2795 E 4th Street_   Apt or Unit #: _7_

City: _Reno_   County: _Washoe_   State: _NV_   Zip: _89512_

Phone Numbers: Home: _(775) 379-2572_   Work: ( )

Cell: _(775) 379-2572_   Email Address: _mswinton1988@gmail.com_

Date of Birth: _12/14/1988_   Sex: ☑ Male ☐ Female   Do You Have a Disability? ☑ Yes ☐ No

Please answer each of the next three questions. i. Are you Hispanic or Latino? ☐ Yes ☑ No

ii. What is your Race? Please choose all that apply. ☐ American Indian or Alaskan Native ☐ Asian ☐ White
☑ Black or African American ☐ Native Hawaiian or Other Pacific Islander

iii. What is your National Origin (country of origin or ancestry)? _U.S.A._

Please Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:

Name: _____   Relationship: _____

Address: _____   City: _____   State: _____   Zip Code: _____

Home Phone: ( ) _____   Other Phone: ( ) _____

**2. I believe that I was discriminated against by the following organization(s): (Check those that apply)**

☑ Employer ☐ Union ☐ Employment Agency ☐ Other (Please Specify) _____

Organization Contact Information (If the organization is an employer, provide the address where you actually worked. If you work from home, check here ☐ and provide the address of the office to which you reported.) If more than one employer is involved, attach additional sheets.

Organization Name: _Goodwill Industries_

Address: _2424 addie blvd_   County: _Washoe_

City: _Reno_   State: _NV_ Zip: _89512_   Phone: _(775) 358-6444_

Type of Business: _non-profit_   Job Location if different from Org. Address: _____

Human Resources Director or Owner Name: _unknown —_   Phone: ( )

Number of Employees in the Organization at All Locations: Please Check (✓) One

☐ Fewer Than 15 ☐ 15 – 100 ☑ 101 – 200 ☐ 201 – 500 ☐ More than 500

**3. Your Employment Data** (Complete as many items as you are able.) Are you a federal employee? ☐ Yes ☐ No

Date Hired: _6/1/2014_   Job Title At Hire: _Clerk Processor_

Pay Rate When Hired: _8.25_   Last or Current Pay Rate: _8.25_

Job Title at Time of Alleged Discrimination: _Clerk Processor_   Date Quit/Discharged: _7/23/2015_

Name and Title of Immediate Supervisor: _Mary — (previous was Dawn or Carroll)_

If Job Applicant, Date You Applied for Job _____   Job Title Applied For _____

1

2

_CLERK INTAKE_
_EXHIBIT_

*FOR EXAMPLE, if you feel that you were treated worse than someone else because of race, you should check the box Race. If you feel you were treated worse for several reasons, such as your sex, religion and national origin, you should all that apply. If you complained about discrimination, participated in someone else's complaint, or filed a cha discrimination, and a negative action was threatened or taken, you should check the box next to Retaliation.*

☑ Race ☐ Sex ☐ Age ☑ Disability ☐ National Origin ☐ Religion ☑ Retaliation ☐ Pregnancy ☐ Color (typically a difference in skin shade within the same race) ☐ Genetic Information; circle which type(s) of genetic information is involv
i. genetic testing   ii. family medical history   iii. genetic services (genetic services means counseling, education or testing

If you checked color, religion or national origin, please specify:_____

If you checked genetic information, how did the employer obtain the genetic information?_____

_____

Other reason (basis) for discrimination (Explain): _____ •

**5. What happened to you that you believe was discriminatory?**  Include the date(s) of harm, the action(s), and the nam and title(s) of the person(s) who you believe discriminated against you.  Please attach additional pages if needed.
*(Example: 10/02/06 – Discharged by Mr. John Soto, Production Supervisor)*                    (See attach

A. Date: 7/23/2015   Action: Accusation of theft. management Falsley accused ME of Having goodwill Property in my Backpack + they illegally confiscated all of my belon
Name and Title of Person(s) Responsible: 3 Managers (Dont know nones)   IN my Backpack-

B. Date: 7/24/2015   Action: Banned from Goodwill- (see attachment) I was illegall Banned from goodwill after I returned to collect my personal Belongins - I had:
Name and Title of Person(s) Responsible: with the police + they advised ME to return with proof

**6. Why do you believe these actions were discriminatory?** Please attach additional pages if needed. I Did + then I
I was TREATED IN A Discriminatory Maner when management illegally t personal property from me "Assuming" I Stole these items -

**7. What reason(s) were given to you for the acts you consider discriminatory?**  By whom? His or Her Job Title?
I was told By Management that "they knew I was Lying" and the "I NEED to tell the truth" As they were penalizing me on Assumption

**8. Describe who was in the same or similar situation as you and how they were treated.**  For example, who else appl for the same job you did, who else had the same attendance record, or who else had the same performance?  Provid race, sex, age, national origin, religion, or disability of these individuals, if known, and if it relates to your claim of discrimination.  For example, if your complaint alleges race discrimination, provide the race of each person; if it all sex discrimination, provide the sex of each person; and so on.  Use additional sheets if needed.

Of the persons in the same or similar situation as you, who was treated *better* than you?

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatm |
|---|---|---|---|
| A. | | | |
| B. | | | |

3

EEOC INTAKE
EXHIBIT

Full Name      Race, Sex, Age, National Origin, Religion or Disability    Job Title     **Description of Treatment**

A._____

_____

B._____

_____

**Of the persons in the same or similar situation as you, who was treated the *same* as you?**

Full Name      Race, Sex, Age, National Origin, Religion or Disability    Job Title     **Description of Treatment**

A._____

_____

B._____

_____

**Answer questions 9-12 only if you are claiming discrimination based on disability. If not, skip to question 13. Please tell us if you have more than one disability. Please add additional pages if needed.**

**9. Please check all that apply:**

☑ Yes, I have a disability
☐ I do not have a disability now but I did have one
☐ No disability but the organization treats me as if I am disabled

**10. What is the disability that you believe is the reason for the adverse action taken against you? Does this disability prevent or limit you from doing anything?** (e.g., lifting, sleeping, breathing, walking, caring for yourself, working, etc.).

_I HAVE a LEARNING DISABILITY — management told me that I wasn't working FAST ENOUGH + then threatened to cut my hours + then they then FOLLOWED through with this and cut my hours from 42 hours per paycheck to 30 hours. pay check_

**11. Do you use medications, medical equipment or anything else to lessen or eliminate the symptoms of your disability?**

☐ Yes ☑ No

_~ Manager was CARROLL GAYLOR_

**If "Yes," what medication, medical equipment or other assistance do you use?**

_____

_____

**12. Did you ask your employer for any changes or assistance to do your job because of your disability?**

☐ Yes ☑ No

**If "Yes," when did you ask?** _____ **How did you ask (verbally or in writing)?** _____

**Who did you ask?** (Provide full name and job title of person)

_____

**Describe the changes or assistance that you asked for:** _____

_____

_____

**How did your employer respond to your request?** _____

_____

3

4

_EEOC INTAKE EXHIBIT_

... them to say. (Please attach additional pages if needed to complete your response)

| Full Name | Job Title | Address & Phone Number | What do you believe this person will tell us? |

A.

B.

**14. Have you filed a charge previously on this matter with the EEOC or another agency?** ☐ Yes ☒ No

**15. If you filed a complaint with another agency, provide the name of agency and the date of filing:** _____

**16. Have you sought help about this situation from a union, an attorney, or any other source?** ☐ Yes ☒ No
Provide name of organization, name of person you spoke with and date of contact. Results, if any?

Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire. If you would like to file a charge of job discrimination, you must do so either within 180 days from the day you knew about the discrimination, or within 300 days from the day you knew about the discrimination if the employer is located in a place where a state or local government agency enforces laws similar to the EEOC's laws. If you do not file a charge of discrimination within the time limits, you will lose your rights. If you would like more information before filing a charge or you have concerns about EEOC's notifying the employer, union, or employment agency about your charge, you may wish to check Box 1. If you want to file a charge, you should check Box 2.

**BOX 1** ☐ I want to talk to an EEOC employee before deciding whether to file a charge. I understand that by checking this box, I have not filed a charge with the EEOC. I also understand that I could lose my rights if I do not file a charge in time.

**BOX 2** ☒ I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name. I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or retaliation for opposing discrimination.

_Michael Swinton_
Signature

_8/25/15_
Today's Date

PRIVACY ACT STATEMENT: This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:
1) FORM NUMBER/TITLE/DATE. EEOC Intake Questionnaire (9/20/08). 2) AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626. 42 U.S.C. 12117(a).
3) PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge filing counseling, as appropriate. Consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge. 4) ROUTINE USES. EEOC may disclose information from this form to other state, local and federal agencies as appropriate or necessary to carry out the Commission's functions, or if EEOC becomes aware of a civil or criminal law violation. EEOC may also disclose information to respondents in litigation, to congressional offices in response to inquiries from parties to the charge, to disciplinary committees investigating complaints against attorneys representing the parties to the charge, or to federal agencies inquiring about hiring or security clearance matters.
5) WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. Providing this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge. It is not mandatory that this form be used to provide the requested information.

November 2009

4

5

*EEOC INTAKE EXHIBIT*

Additional notes for charges of discrimination

Michael Swinton

## July 23rd, 2015 - Accusation of theft

After clocking out for lunch as I was heading to my locker and was approached by 3 members of management who asked me to follow them to the office for some questions. They told me to bring my backpack. Once in the office I was asked to recite my full name and date of birth which I did. They then took my back pack and dumped all my personal belongings onto the floor. They inspected each item looking to see if any of them had goodwill stickers on them. They asked where each item was purchased and if I had any receipts. I stated that I didn't carry receipts for any personal property that I had. They asked why I needed to carry all these cell phones with me. I stated the cell phones were mine and to prove this I asked them to turn the phones on to show my personal information. One phone had a dead battery while the other phones did turn on showing my personal information on it. They still declined to return my phones regardless of this proof. I stated that I had purchased one of the phones at a kiosk at the mall and that other items were either given to me or purchased elsewhere and was personal property that I had owned. In disbelief, they stated, "All this stuff looks like goodwill items" and then proceeded to confiscate everything I had putting all my property into a box including my cell phones and chargers.

Management began interrogating me in a manner similar to a police investigation informing me that they had cameras everywhere and that they saw everything I do all day. One manager was drilling me with statements such as "you need tell the truth about these items" and "why are you lying to us, you know this is not your stuff" I vehemently denied these false accusations as they were untrue.

Management then began yelling at me and threatened to suspend me unless I told the truth. I explained to management that I was telling the truth. I reminded them that I had already been unfairly suspended on another occasion after a company nurse made a misdiagnoses over the phone allowing me to go back to work after a dresser fell on my foot. Because I went to the emergency room later that day after the pain in my foot became unbearable, I was suspended for getting a second opinion even though I had notified the store manager Dawn that I was going to go to the hospital after my shift ended. Goodwill immediately suspended me without pay after my visit to the hospital and required me to get a urine test before I could return

After about one hour of interrogations, management informed me that I was suspended because they thought I stole this property from goodwill. I informed management that after this interrogation of harassment, I didn't want to work at this location anymore due to the hostile working conditions they created. At that point management shoved a paper at me pressuring me to sign and date it without giving me a copy.

After leaving the building, I called the Reno police to report that my property was illegally confiscated by Goodwill management and that I had been accused of stealing these items. I also called a coworker to verify that he recognized that the items were in fact mine. When the police arrived, they stated that they were also responding to another call they received from the goodwill premises stating a disturbance of yelling in the parking lot. After they acknowledged that there was no disturbance in the

1

EEOC INTAKE
EXHIBIT

parking lot and that I was not yelling as reported, they proceeded to ask me details of what happened. I informed them that Goodwill management illegally confiscated my personal belongings insinuating that I stole these items from the premises.

The police officers entered the building to speak with management. Management stated to the police that, "the items in Mr. Swinton's backpack was our stuff and we were just taking it back". Management further informed the police that "Mr. Swinton will need to produce receipts for all of his personal belongings". The police officers stated that this wasn't making sense as management claimed it was goodwill property, yet was requiring me to produce receipts proving the property was mine. The police officers did however advised me to gather whatever information I could showing the items were mine and bring them back today to retrieve my property even though they stated that something wasn't adding up here with the Goodwill managers.

I came back an hour later with a coworker to claim my belongings with Phone bill statements but was turned away from the store claiming the "main manager" was gone for the day and to come back tomorrow to claim the items. My coworker even stated to management that he recognized that the items were in fact mine, however, management ignored him.

### July 24th, 2015 - Banned from Goodwill

I returned the next day with a neighbor showing printed phone bill statements showing the phones were mine. They then released some of my personal property including a watch that had been given to me by my case worker but kept other items including tools along with the two phones they refused to return. They stated that my cell phone billing statements showing my name and address were "not actual receipts" and refused to return them to me as well as most of my other personal belongings.

While I was there, I asked for a copy of the paper I had signed on July 23rd. They gave me a copy showing that I had resigned my position due to relocation. Management had pressured me into signing a paper showing I voluntarily quit my job because I declined to agree to be suspended under terms falsely accusing me of theft.

I informed management that I was going to get a lawyer due to the harassment I received from them. At that point, management became angry and one of them stated, "why do you have to do all that " and produced a letter of notification that I was officially banned from the Goodwill premises including the Sacramento Valley and Northern Nevada Inc. locations. See attached letter.

I believe Goodwill management banned me as a retaliatory act because I called the police on them the day they confiscated my personal property, July 23rd. Goodwill management intentionally and illegally retaliated against me because of my protected activity and banned me from the property on July 24th.

### August 12th, 2015 - Filed an Incident report with police department

I later filed a written police incident report against Goodwill industries located at 2424 oddie blvd. Reno Nevada 89512, Because they still have my property including two cell phones.

2

7

EEOC INTAKE
EXHIBIT

**Prior to the suspension and accusations of theft**

I routinely got called into the office by management.  My bathroom breaks were often interrupted and on at least 3 separate occasions, management had knocked on the door shouting to me that I needed to go to the office after I got out of the bathroom. These inquisitions were often just to ask what I was doing, or why I was in the bathroom so long.  Once, a manager  came into the bathroom and gave me instructions to go to the office after I was done using the facilities.  Once there, I was informed that it had been reported that I was "stinky".  I was then asked if I was cleaning up in the bathroom since he saw me grooming my hair and splashing water on my face.  I explained that working conditions in the warehouse caused me to sweat and that there was poor ventilation out there. I did state that I was using the bathroom to freshen up but was not homeless or cleaning up in there.

I was often called over the PA system while on break or lunch to come help others move a heavy items in the warehouse even though I had informed them that I was going to be at break or lunch.  Yet when I needed assistance in the warehouse, I often worked alone or had someone trying to help me who was too little to lift properly which was how I ended up hurt on one occasion when a dresser fell on my foot causing me to be suspended without pay.

During a locker search a few months before I was suspended, management accused me of stealing rubber bands that they found in my backpack.  They also accused me of stealing goggles and gloves that I used as work attire and often had them in my backpack or pockets during lunch hours and breaks.  This was goodwill working attire that all employees carried around with them and kept in their lockers as well, yet I was singled out for having them in my possession even though we were told to keep them on us or in our lockers.  I was even pulled aside by a manager named Mary, and told that I shouldn't bring my backpack to work since I would probably keep getting accused of stealing even though other employees brought their backpacks and kept them in their lockers without accusations.

I finally want to mention that cell phones were not allowed on the floor, however, everyone had cell phones on them, however, I was again pulled aside by a manager and told that could not carry a cell phone on the floor.  I complied with their wishes although I routinely saw many other employees walking around with cell phones in plain site without receiving repercussions from management

I would like to file this charge with both the EEOC and the state or local agency if any.  I will advise the agencies if I change my address or phone number and I will cooperate with them in the processing of my charges in accordance with their procedures.

August 25th, 2015

Michael

Michael Swinton
2795 E 4th St
Apt 7
Reno, NV 89512

3

8

EEOC INTAKE
EXHIBIT

## NOTIFICATION OF BAN FROM PREMISES

Date: 7/24/2015

To: Michael Swinton

This letter serves as official notice to the addressee that they have been duly notified by the issuer of this notice, acting as an authorized representative of Goodwill Industries of Sacramento Valley and Northern Nevada Inc., that the addressee is banned from all Goodwill Industries of Sacramento Valley and Northern Nevada Inc. and premises effective immediately or on the date as stated on this notice.

The addressee is not allowed on Goodwill Industries of Sacramento Valley and Northern Nevada Inc. at any time or for any reason and any such presence by the addressee on Goodwill Industries of Sacramento Valley and Northern Nevada Inc. property is considered trespassing and local law enforcement officials will be notified. Failure to leave the premises by the addressee will result in prosecution for trespassing as well as any civil liability incurred.

Goodwill Industries of Sacramento Valley and Northern Nevada Inc. premises include but are not limited to all Goodwill retail locations, attended donation centers, business offices and vocational training centers. Please direct any questions to the Director of Asset Protection or the Director of Workforce Development at (916) 395-9000.

Acknowledgement of Notification receipt:

Addressee Signature: _____

Authorized Goodwill Representative:

Signature: _____

Name: Robert Beights

Date: 7/24/15

cc:    Director of Asset Protection

9    NOTICE OF BANNING
EXHIBIT

Joseph R. Mendez
President/CEO

BOARD OF DIRECTORS

John A. Wickland, III
Chairman of the Board

Nathan Cox
First Vice Chair

Timothy M. Kassis
Second Vice Chair

Brett Huston
Treasurer

Kipp Johnson
Secretary

Alison Butler

Julius J. Cherry

Normand Fedness

Susan Hussey

Patricia Fong Kushida

Steve Sexton

6001 Folsom Boulevard
Suite 200
Sacramento, CA 95826
Main 916/395-8000
Fax 916/395-8615

Our Business is
Changing Lives™

*Goodwill Industries of Sacramento Valley and Northern Nevada, Inc.*

Name: Michael Swinton

Date: 2/23/05

I am voluntarily resigning from my position at Goodwill Industries effective 2/23/05 for the following reason:

☐ Personal Reasons

☑ Relocating

☐ Other Employment

Employee's Signature: Michael Swinton

Manager's Signature: _____
Shannon Brossard

10

NOTICE OF RESIGNATION
RELOCATION EXHIBIT

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 846-2015-36470 |

| Nevada Equal Rights Commission | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Michael A. Swinton | (775) 379-2572 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 2795 E 4th St. #7, Reno, NV 89512 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| GOODWILL INDUSTRIES | 500 or More | (775) 358-6444 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2424 Oddie Boulevard,  Reno, NV 89512 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                     Latest
07-25-2015

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Respondent hired me on June 14, 2014 as a clerk processor.

On 7/23/2015, I was taken back to the office by 3 managers (unknown names) and accused of stealing in a manner similar to a police interrogation and was threatened with suspension. Management searched my backpack and illegally confiscated all my personal property stating "it was goodwill property". I immediately called the Reno police department and when they arrived, managements defense was that "the items in Mr. Swinton's backpack was goodwill property that we were just taking back" in the same breath, they stated, "Mr. Swinton will need receipts to get his items back". Police argued that management was not making sense by saying "the property was Goodwill's", then stating "Mr. Swinton would need receipts to prove the property was his". The police believed the items were mine and informed me to return with any papers to prove this.

On 7/24/2015 I returned with a neighbor to retrieve my property. Management did return a watch that was given to me by my case worker but denied returning my phones and other property stating "phone bill statements were not receipts." I informed management that I would be taking legal action and contacting the police again. I was then banned from the premises. (See attached banning letter).

On 8/12/2015 I filed an incident report with Reno police department against Goodwill management on larceny charges. (See attached report - 150105649).

I believe goodwill management accused me of stealing because of my race, (I am black), in violation of Title VII of the Civil Rights Act of 1964, as amended.

I believe goodwill management banned me from the goodwill premises in retaliation for reporting them to the police and informing them that I would take legal action therefore, violating my protected rights.

I believe goodwill management racially discriminated against me by harassing me on the job (including interrupting my bathroom breaks). I furthermore believe management reduced my hours from 40 hours per paycheck to 32 hours per paycheck because I am black and have a disability that they were aware of. Respondent discriminated against me in violation of the Americans with Disabilities Act of 1990 as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| X 9/24/15 Ex michael Swinton<br>Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

RECEIVED

SEP 28 2015

EEOC - SFDO
INTAKE

EEOC   NOTICE OF CHARGE
EXHIBIT

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: Michael A. Swinton<br>Riverwood Apartments<br>805 Kuesgli Street, Apt. #202<br>Reno, NV 89502 | From: San Francisco District Office<br>450 Golden Gate Avenue<br>5 West, P.O. Box 36025<br>San Francisco, CA 94102 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2015-36470 | Patricia A. Finnegan,<br>Investigator | (415) 522-3021 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

William R. Tamayo,
**District Director**

12/21/16

(Date Mailed)

cc     Patricia P. Calvo
       VP, Human Resources
       Goodwill Industries, Sacramento Valley, N. Nevada
       8001 Folsom Blvd., Suite 200
       Sacramento, CA 95826

*EEOC NOTICE OF
SUIT RIGHTS EXHIBIT*