UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL A. SWINTON,<br><br>  Plaintiff,<br><br>v.<br><br>GOODWILL INDUSTRIES, INC.,<br><br>  Defendant. | Case No. 3:17-CV-0123-MMD (VPC)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is plaintiff's failure to comply with Local Rule ("LR") IA 3-1 requiring plaintiff to change his address.

On December 28, 2017, this court issued an order setting a case management conference (ECF No. 17). That order addressed to plaintiff Michael Swinton was returned by the U.S. Postal Service as undeliverable (ECF No. 18). Defense counsel attempted to send plaintiff an email at his last known email address and that message was also returned as undeliverable (ECF No. 19).

On January 24, 2018, the court held a case management conference (ECF No. 23). Plaintiff failed to appear for the hearing, and the deputy court clerk was unable to contact the plaintiff at the telephone number listed in the papers filed in this case. (*Id.*) At the hearing, the court noted that it appeared as though plaintiff had abandoned his case. However, the court did allow plaintiff until February 23, 2018 to file a notice of change of address. (*Id.*) To date, plaintiff has failed to file such a notice. The minutes of hearing mailed to the plaintiff were also returned by the U.S. Postal Service as undeliverable (ECF No. 23).

LR IA 3-1 provides that the failure to "immediately file with the Court written notification of any change of address . . . may result in dismissal of the action . . . ." Prior to dismissal for

failure to follow local rules, the court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). This litigation cannot proceed or be decided on the merits if the court and defendants cannot contact plaintiff, nor should the court or defendants be required to continue to try to resolve the case without the plaintiff's participation. All five factors clearly favor dismissal of this case.

Based on the foregoing and for good cause appearing, the court recommends that this case be dismissed based upon plaintiff's failure to notify the court of his change of address pursuant to LR IA 3-1.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## RECOMMENDATION

IT IS THEREFORE RECOMMENDED that this action be **DISMISSED** for plaintiff's failure to comply with LR IA 3-1.

DATED: February 20, 2018.

_____
UNITED STATES MAGISTRATE JUDGE